

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. H. Griffin
County Attorney
Young County
Graham, Texas

Dear Sir:

Opinion No. O-1472
Re: Does an insufficient number of trustees
effect the validity of a tax assessment in
a common consolidated school district?

We are in receipt of your letter of September 20,
1939, in which you state that four common school districts
in Young County consolidated in 1922 as the Young Common Con-
solidated School District No. 5. Seven trustees were never
appointed or elected but since such time and at the present
time the board of trustees for such common consolidated dis-
trict has been composed of three members.

You request our opinion as to whether a failure to
comply with the requirements of Article 2808, Revised Civil Sta-
tutes of 1925, would invalidate the assessment of school taxes
for the above mentioned common consolidated school district.

Article 2806, Revised Civil Statutes of 1925, pro-
vides in part as follows:

"On the petition of twenty (20) or a majority
of the legally qualified voters of each of several
contiguous common school district or contiguous in-
dependent school district praying for the consolida-
tion of such districts for school purposes, the county
judge shall issue an order for an election to be held
on the same day in each of such districts. The county
judge shall give notice of the date of such elections
by publication of the order in some newspaper published
in the county for twenty (20) days prior to the date
on which such elections are ordered or by posting a
notice of such election in each of the districts or by
both such publication and posted notice. The commis-
sioners' court shall at its next meeting canvass the
returns of such election and if the votes cast in each

and all districts show a majority in each district voting separately in favor of such consolidation the court shall declare the school districts consolidated. * * *"

At the time the school districts were consolidated, the statute contained the same provision although with slightly different wording. Article 2817 1/4, Complete Texas Statutes, 1920.

Article 2808, Revised Civil Statutes of 1925, provides that "The county board of school trustees at its next meeting after such consolidation of school districts is declared, shall appoint a board of seven trustees for the consolidated district." Provision is also made for the terms of office of said trustees, their election and filling of vacancies. Similar requirements were contained in Article 2817 1/4b, Complete Texas Statutes, 1920. See also Acts 1930, 41st Legislature, Fifth Called Session, p. 212, Ch. 66, Section 3, appearing as Article 2774a, Vernon's Texas Civil Statutes, 1925, Pocket Part.

Article 2814, Revised Civil Statutes of 1925, provides in part as follows:

"Taxing and bonding powers as are provided for elsewhere in the laws of this State are hereby guaranteed to such consolidated districts, * * *"

At the date of the consolidation of the districts in question, Article 2817 1/4(h), Complete Texas Statutes, 1920, provided:

"It is herein expressly provided that taxing and bonding powers as are provided for elsewhere in the laws of this State are hereby guaranteed to the district consolidating under the provisions of this Act, either common school districts or independent school districts, * * *"

Article 2784, Revised Civil Statutes of 1925, contains the following provision:

"The Commissioners' Court for the common school districts in its county and the district school trustees for the independent districts incorporated for school purposes only shall have power to levy and cause to be collected the annual taxes and to issue the bonds herein authorized subject to the following provisions:"

It will be noted that under Article 2806 the Commissioners' Court canvasses the returns of the election and declares the school districts consolidated based upon the result of such election. Thereafter the county board of school trustees in compliance with Article 2808 appoints a board composed of seven trustees. It was held in our opinion No. O-1229, addressed to the Hon. Louis T. Holland, County Attorney, Montague County, that:

"The consolidation of school districts becomes effective upon the canvass of the election and declaration of the result by the Commissioners' Court as provided in Article 2806. Bland vs. Orangefield Independent School District (T.C.A. 1929) 24 S.W. (2d) 72."

The consolidation having been effected by the declaration of the commissioners' court after the canvass of the election returns and the taxing power being lodged in the commissioners' court and not in the local board of trustees for common school districts, it is our opinion that the failure of the county board of school trustees to appoint the proper number of trustees for the newly formed consolidated common school district would not invalidate a tax levy made for such district as provided by law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    (signed)
    Cecil C. Cammack
    Assistant

CCC:LM

APPROVED OCT 10, 1939  (STAMPED) Approved
             Opinion Committee
Robert E. Kepke        By: B.W.B.,Chairman
ACTING ATTORNEY GENERAL OF TEXAS